a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DEONTAY DESHUN HARDY #702823, Plaintiff | CIVIL DOCKET NO. 1:21-CV-04189 SEC P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| TIM HOOPER, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner Deontay Deshun Hardy ("Hardy"). Hardy is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Hardy challenges his conviction and sentence imposed in the Tenth Judicial District Court, Natchitoches Parish.

Because Hardy does not present a viable § 2241 claim, his Petition should be DENIED and DISMISSED with prejudice.

I. **Background**

Hardy was convicted of attempted armed robbery on September 3, 2015 and sentenced to 10 years at hard labor. *See* 1:19-CV-1437; ECF No. 1-2 at 5. The sentence was suspended, and Hardy was placed on probation for a term of five years. *Id.*

While on probation, Hardy was arrested for armed robbery and resisting an officer. *Id.* Because of the new arrest, Hardy's probation was revoked, and Hardy was ordered to serve the original 10-year sentence with credit for time served. *Id.* at 15.

Hardy was then convicted of armed robbery and attempted armed robbery. *See* 1:21-CV-03498, ECF No. 1 at 1. He was sentenced to 140 years of imprisonment. *Id.*

Hardy previously filed a habeas petition under 28 U.S.C. § 2254. This Court dismissed the petition without prejudice as unexhausted because Hardy's appeal was pending in the Louisiana Third Circuit Court of Appeal. *Hardy v. Hooper*, 1:21-CV-3498; ECF No. 8. Hardy was advised that he could file a new § 2254 petition once he completed exhaustion of his claims in the state courts. *Id.* at 7.

While the § 2254 petition was pending, Hardy also filed this § 2241 Petition.

## II. Law and Analysis

A state pre-trial detainee may seek habeas relief under § 2241 for pre-trial issues such as violations of a state speedy trial act, double jeopardy, or bond conditions. *See Stringer v. Williams*, 161 F.3d 259 (5th Cir. 1998); *Dickerson v. Louisiana*, 816 F.2d 220, 223-24 (5th Cir. 2009). Section 2241 may also be used to challenge the manner in which a sentence is being executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). By contrast, § 2254 is used to challenge the fact or duration of confinement when a judgment has already been entered against the petitioner. *See id.*

Hardy is not a pretrial detainee, and is not challenging the execution of his sentence. He challenges his conviction and sentence, so his claims should be raised in a § 2254 petition. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1).

As the Court stated with respect to the § 2254 petition, Hardy must fairly present the same claims and legal theories he raises in his federal petition to each of the state courts, including the Louisiana Supreme Court, in a procedurally proper manner in order to satisfy the exhaustion requirement. *See* 1:21-CV-03498, ECF No. 7. After exhausting, Hardy can file a new § 2254 Petition.

### III. Conclusion

Because Hardy does not present a viable claim under § 2241, IT IS RECOMMENDED that his § 2241 Petition (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE. Hardy may file a new § 2254 Petition once his claims are properly exhausted. *See* 1:21-CV-03498, ECF No. 7, 8.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and

Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, March 29, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE